**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                :
ANTONIO PEREZ,                  :
                                : Civil Action No. 05-5425 (DRD)
         Petitioner,            :
                                :
     v.                         :            **O P I N I O N**
                                :
LYEDELL SHERRER,                :
         and                    :
PETER HARVEY,                   :
                                :
         Respondents.           :
_____:

**APPEARANCES:**

> ANTONIO PEREZ, pro se
> #255404
> Northern State Prison
> 168 Frontage Road
> P.O. Box 2300
> Newark, NJ 07114

**DICKINSON R. DEBEVOISE, District Judge**

Petitioner, Antonio Perez (hereinafter "Petitioner"), currently confined at the Northern State Prison, Newark, New Jersey, filed a pro se petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "Petition"), submitted due filing fees and moved this Court to appoint counsel to Petitioner.

**BACKGROUND**

Petitioner was convicted by the Superior Court of New Jersey, Union County, on June 8, 1993, for various crimes and offences, and his sentence was entered on June 4, 1993. See Pet. ¶ 2. Petitioner appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division, and the Appellate Division affirmed the decision of the trial court on December 31, 1996. See id. ¶ 9(d). Petitioner sought a certificate to appeal the decision of the Appellate Division to the Supreme Court of New Jersey. The Supreme Court denied him certification on February 3, 1998. See id. ¶ 9(g)(4). On January 15, 1999, Petitioner sought post-conviction relief from the Superior Court of New Jersey which denied Petitioner's application on June 4, 1999. See id. ¶ 11(a)(3). Petitioner appealed that denial to the Superior Court of New Jersey, Appellate Division, and the Appellate Division affirmed the decision of the trial court on December 7, 2001. See Letter from Antonio Perez to Hon. Dickinson R. Debevoise (Feb. 10, 2006) (hereinafter "Letter"). Petitioner sought a certificate to appeal that decision of the Appellate Division to the Supreme Court of New Jersey. The Supreme Court of New Jersey denied him certification on February 26, 2002. See id. Petitioner filed his current application for a writ of habeas corpus on October 16, 2005.

On February 1, 2006, this Court issued an order: (1) denying Petitioner's application to appoint pro bono counsel as premature

and not in the interest of justice; and (2) directing Petitioner to show cause as to why his Petition should not be dismissed for failure to meet the statute of limitations requirements set forth in 28 U.S.C. § 2244(d)(1). See Perez v. Sherrer and Harvey, 2:-05-cv-05425 (D.N.J. Feb. 1, 2005) (citing, inter alia, 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); United States v. Iasiello, 166 F.3d 212 (3d Cir. 1999); Reese v. Fulcomer, 946 F.2d 247, 263-4 (3d Cir. 1991); Souder v. McGuire, 516 F.2d 820, 822, 824 (3d Cir. 1975); Blasi v. Attorney General of Commonwealth of Pennsylvania, 30 F. Supp. 2d 481, 488-9 (M.D. Pa. 1998), and detailing the nature of statutory and equitable tolling applicable to 28 U.S.C. § 2244(d)). Responding to the Court's Order, Petitioner provided this Court with the dates of the orders issued by the Superior Court of New Jersey, Appellate Division (affirming denial of Petitioner's application for post-conviction relief), and the Supreme Court of New Jersey (denying him certification). See generally, Letter. The Letter was silent as to potential grounds for equitable tolling. See id.

## STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

3

construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## DISCUSSION

Prior to examining Petitioner's application on merits, this Court shall determine whether Petitioner's application to this Court for writ of habeas corpus is time-barred.  See Long v. Wilson, 393 F.3d 390, 402-03 (3d Cir. 2004) (stating that a court may examine an application for a writ of habeas corpus sua sponte and citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); Herbst v. Cook, 260 F.3d 1039, 1042 & n.3 (9th Cir. 2001); Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999)).

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  For the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes

4

"final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  Therefore, Petitioner's conviction became final 90 days after February 3, 1998 (that is, the date when the Supreme Court of New Jersey denied Petitioner certification), specifically, on April 28, 1998, triggering Petitioner's one-year period of limitation.

The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.[1]  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State

---

[1] Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814, n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

5

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis supplied).

Petitioner's 1-year period of limitation was, hence, statutorily tolled on January 15, 1999 (the date when Petitioner filed his application for post-conviction relief), that is, about eight-and-a-half months after it began running. The tolling was in effect up to February 26, 2002, see Stokes v. DA, 247 F.3d 539, 542 (3d Cir. 2001) (the "time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)"), and then the remainder of the one-year limitation period continued until Petitioner's § 2254 habeas became time-barred at early April of 2003, that is, two years, seven months and ten days prior to Petitioner's filing of his current Petition.

Presuming that the AEDPA statute of limitations is subject to equitable tolling, see Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that

6

equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition <u>and</u> the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." <u>LaCava v. Kyler</u>, 398 F.3d 271, 275-276 (3d Cir. 2005) (emphasis in original). Mere excusable neglect is not sufficient.[2] <u>See id.</u>; <u>see also</u> <u>Merritt v. Blaine</u>, 326 F.3d 157, 168 (3d Cir. 2003); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, <u>see</u> <u>Jones</u>, 195 F.3d at 159, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. <u>See</u> <u>Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the

---

[2] Claim of "ineffective assistance of counsel" does not provide basis for equitable tolling. <u>See</u> <u>Pace</u>, 125 S. Ct. at 1814, n.9 (dismissing the "ineffective assistance of counsel" excuse offered by the petitioner who asserted "that he received ineffective assistance of counsel at 'all levels of representation'" ).

failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). However, since both Petitioner's Petition and his Letter are silent as to *any* circumstances that might prompt this Court to consider equitable tolling, Petitioner's Petition, as it stands now, supplies this Court with no reason for equitable tolling cognizable under the 28 U.S.C. § 2244(d)(2).

Therefore, because Petitioner failed to file a timely petition and demonstrated no extraordinary circumstances that would allow equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief under § 2254. Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

## CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253©)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:

8

(1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

For the reasons discussed above, Petitioner's § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

**CONCLUSION**

For the foregoing reasons, this Court finds that Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1), and the Court will dismiss his Petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order accompanies this Opinion.


                                              /s/ Dickinson R. Debevoise
                                                  **DICKINSON R. DEBEVOISE**
                                                **United States District Judge**


DATED:   February 27, 2006
            Newark, New Jersey