**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
ANTONIO PEREZ,                      :
                                    :   Civil Action No. 05-5425 (DRD)
            Petitioner,             :
                                    :
      v.                            :          **O P I N I O N**
                                    :
LYEDELL SHERRER,                    :
         and                        :
PETER HARVEY,                       :
                                    :
            Respondents.            :
_____:

**APPEARANCES:**

> ANTONIO PEREZ, pro se
> #255404
> Northern State Prison
> 168 Frontage Road
> P.O. Box 2300
> Newark, NJ 07114

**DICKINSON R. DEBEVOISE, District Judge**

This matter comes before the Court upon pro se Petitioner Antonio Perez's (hereinafter "Petitioner") motion (hereinafter "Motion") for reconsideration of this Court's Order dismissing Petitioner's Petition (hereinafter "Petition") as time-barred. Petitioner timely submitted his Motion. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Petitioner's Motion is denied.

## **BACKGROUND**

Petitioner was convicted and sentenced by the Superior Court of New Jersey, Union County in June of 1993.  See Pet. ¶ 2. Petitioner appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division, and the Appellate Division affirmed the decision of the trial court on December 31, 1996.  See id. ¶ 9(d).  Petitioner sought a certificate to appeal the decision of the Appellate Division to the Supreme Court of New Jersey.  The Supreme Court denied him certification on February 3, 1998.  See id. ¶ 9(g)(4).  On January 15, 1999, Petitioner sought post-conviction relief from the Superior Court of New Jersey which denied Petitioner's application on June 4, 1999.  See id. ¶ 11(a)(3).  Petitioner appealed that denial to the Superior Court of New Jersey, Appellate Division, and the Appellate Division affirmed the decision of the trial court on December 7, 2001.  See Letter from Antonio Perez to Hon. Dickinson R. Debevoise (Feb. 10, 2006) (hereinafter "Letter").  Petitioner sought a certificate to appeal that decision of the Appellate Division to the Supreme Court of New Jersey.  The Supreme Court of New Jersey denied him certification on February 26, 2002.  See id.  On November 16, 2005, Petitioner filed his Petition with this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his Petition, Petition stated, inter alia, that

> Petitioner . . . previously sought to file a petition for habeas corpus with the Clerk of the . . . Court . . . .

2

> [Petitioner] mailed the said habeas corpus petition [] via first class . . . mail[] by handing same to prison custody staff . . . on . . . December 23, 2002 . . . . [Petitioner] patiently waited for a response from the Clerk's office, [Petitioner] was not familiar with the process for which such filing takes place because of [Petitioner's] very "limited" knowledge of the law and legal process, and [his] language barrier. However[,] after not receiving any . . . response from the Clerk office for over thirty-two to thirty-three . . . months, [Petitioner] mailed a letter to the Clerk's office to inquire about the receipt and filing of [his] habeas corpus petition. [Petitioner's inquiry] letter was dated August 20, 2005. [Petitioner] did receive a formal letter from the Clerk's office informing [Petitioner] that [his] habeas corpus petition . . . had not been received [by] the Clerk's office [as of the date of arrival of Petitioner's inquiry letter]. [Petitioner] was instructed to file[] another habeas corpus petition, [and] a pre[-]printed form was also provide[d] to [Petitioner] by the Clerk's office with three docket reports of [other persons having same name as Petitioner] none of them [being Petitioner].[1]

This Court examined Petitioner's Petition and detected that Petition, as drafted, appeared to be time-barred. Therefore, on February 1, 2006, the Court issued an Order (hereinafter "February 1 Order") directing Petitioner to show cause as to why his Petition should not be dismissed as time-barred. The Court clarified that,

> prior to examining Petitioner's application on merits, this Court shall determine whether Petitioner's application to this Court for writ of habeas corpus is time-barred. See Long v. Wilson, 393 F.3d 390, 402-03

---

[1] While Petitioner asserted that this Court "instructed" him to file *another* form, a copy of the letter from this Court attached by Petitioner to his Petition indicates that the Office of the Clerk stated merely that, "[f]or {Petitioner's] convenience[,] a [form was] enclosed." The letter in no way indicated that the completed form would constitute a "substitute" for the petition that Petitioner allegedly mailed on December 22, 2002. See Perez v. Sherrer et al., 2:05-cv-5425, Docket No. 1, Item 2.

3

>   (3d Cir. 2004) (stating that a court may examine an application for a writ of habeas corpus sua sponte and citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); Herbst v. Cook, 260 F.3d 1039, 1042 & n.3 (9th Cir. 2001); Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999)).

See February 1 Order at 3.  The Court further advised Petitioner that,

>   on April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  For the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."  Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

See id. at 3-4.  Finally, the Court carefully explained that,

>   the statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (emphasis supplied). . . .  [P]resuming that

4

> the AEDPA statute of limitations is subject to equitable tolling, see Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005) (emphasis in original). Mere excusable neglect is not sufficient. See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

See id. at 4-7 (footnotes omitted). The Order concluded by stating, in no ambiguous terms, that, "Petitioner's Petition, *as it stands now, supplies this Court with no reason for equitable tolling.*" See id. at 7 (emphasis supplied).

5

On February 16, 2005, responding to the February 1 Order, Petitioner submitted Affidavit of Antonio Perez to Show Cause, <u>Perez v. Sherrer</u>, 2:05-cv-5425, Docket No. 12 (hereinafter "Response") stating the grounds as to why his Petition shall not be dismissed as time-barred. The Response provided certain information clarifying the periods of Petitioner's statutory tolling <u>see id.</u> §§ 2-12, and repeated the information about Petitioner's alleged mailing of petition that was never received by the Court. Since (1) the information provided in Response with regard to statutory tolling was still insufficient to render Petitioner's Petition timely,[2] and (2) the information with regard to equitable tolling was reiteration of information provided in Petition, this Court issued an Order (hereinafter "February 28 Order") dismissing Petition with prejudice as time-barred and denied Petitioner certificate of appealability pursuant to 28

---

[2] There appears to be no dispute that Petitioner's conviction became final 90 days after February 3, 1998 (that is, the date when the Supreme Court of New Jersey denied Petitioner certification), specifically, on April 28, 1998, triggering Petitioner's one-year period of limitation. It similarly seems undisputed that Petitioner's 1-year period of limitation was statutorily tolled on January 15, 1999, the date when Petitioner filed his application for post-conviction relief. The tolling was in effect up to February 26, 2002, <u>see</u> <u>Stokes v. DA</u>, 247 F.3d 539, 542 (3d Cir. 2001) (the "time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244 (d)(2)"), and then the remainder of the one-year limitation period continued until Petitioner's § 2254 habeas became time-barred an early April of 2003. <u>See</u> 2:05-cv-5425, Docket No. 13 at 6-7 (N.J.D. Feb. 27, 2006).

6

U.S.C. § 2253(c). The Court's Opinion accompanying February 28 Order (1) restated, one more time, the grounds that might give rise to equitable tolling, and (2) concluded by expressly stating that

> since both Petitioner's Petition and his [Response] are silent as to any *circumstances that might prompt this Court to consider equitable tolling*, Petitioner's *Petition, as it stands now, supplies this Court with no reason for equitable tolling cognizable* under the 28 U.S.C. § 2244(d)(2). . . . *Petitioner failed to demonstrate[] . . . extraordinary circumstances that would allow equitable tolling* . . . . Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

See Perez v. Sherrer, 2:05-cv-5425, Docket No. 13 at 8 (N.J.D. Feb. 27, 2006) (emphasis supplied).

On March 8, 2006, Petitioner filed his Motion stating that (1) that the Court's statement in the Opinion accompanying February 28 Order to the effect that "Petitioner failed to . . . demonstrate[] . . . extraordinary circumstances that would allow equitable tolling . . . could not be farther from the truth"; and (2) "Petitioner [showed grounds for] 'equitable tolling' in his Petition [and in his Response]." Petitioner recited, once again, the information about Petitioner's alleged mailing of the petition that was never received by the Court and asserted that this account should have been considered by the Court as valid grounds for

7

equitable tolling.[3]  Petitioner argued that this account was unduly ignored by the Court since the account demonstrated that Petitioner "has exercised reasonable diligence in investigating and briefing his claims, . . . but due to no fault of [Petitioner's], the Clerk's office . . . had not received or filed [that] Petition."  Mot. at 10-11.

## STANDARD OF REVIEW

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  See id.  In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  See Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935

---

[3] Petitioner does not specify the period for which equitable tolling should be granted, i.e., either the "thirty-two to thirty-three months" period or from December 23, 2002, and on to the date of Petitioner's filing of Petition.

8

F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See

Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the

parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

**DISCUSSION**

As this Court emphasized time and again, no statements made in Petitioner's Petition and Response (including the statements made about the alleged mailing of the petition that was never received) indicates "circumstances that might prompt this Court to consider equitable tolling." See Perez v. Sherrer, 2:05-cv-5425, Docket No. 13 at 8 (N.J.D. Feb. 27, 2006). The Court explained and re-explained to Petitioner that the test for equitable tolling is a two-prong one, that is, the Court shall first establish presence of "extraordinary circumstances" (like certain acts of defendant or the court itself that mislead the petitioner, or extraordinary circumstances that prevented the petitioner from asserting his rights, or the petitioner's erroneous assertion of his rights in the wrong forum, see Brinson, 398 F.3d at 230; Jones, 195 F.3d at 159), and only if such extraordinary circumstances are found, the next inquiry is made as to whether the petitioner (1) "exercised reasonable diligence in attempting to file after the extraordinary circumstances began" but (2) was nonetheless prevented from timely filing by these extraordinary circumstances. See Brown v. Shannon,

11

322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner's account about Petitioner's alleged mailing of the petition that was never received by the Court fails to meet--and is irrelevant to-either prongs of the test. Although most inmates lack legal savvy, this limitation neither qualifies as "extraordinary circumstances" nor provides grounds for equitable tolling. See Schlueter v. Varner, 384 F.3d 69 (3d Cir. 2004) (lack of legal savvy is not an excuse because, and an inmate's petition was time barred because, through the exercise of due diligence, the inmate could have learned the necessary information); Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.), cert. denied, 528 U.S. 1007, 145 L. Ed. 2d 389, 120 S. Ct. 504 (1999) (same). Similarly one's coming from a foreign or ethnic backgrounds where English is not the primary language cannot qualify as "extraordinary circumstances." A substantial part of inmate population does come from such backgrounds, but this limitation does not give rise to equitable tolling. See Perez v. Johnson, 2001 U.S. Dist. LEXIS 23727 at *12-13 ((N.D. Tex. June 20, 2001) (observing that "[i]nability to speak or read the English language is a disability common to a lot of prisoners within the United States prison system" citing Turner, 177 F.3d at 392, United States v. Cordova, 202 F.3d 283 (10th Cir., Dec. 13, 1999), United States v. Teshima-Jiminez, 1999 U.S. Dist. LEXIS 12377, at *2 (E.D.La. Aug.

5, 1999), Ciria v. Cambra, 1998 U.S. Dist. LEXIS 18049, at *3 (N.D. Cal. Nov. 10, 1998), Nguyen v. Merrau, 1998 U.S. Dist. LEXIS 13547, at *2 (N.D. Cal. Aug. 24, 1998), Santana v. Kuhlmann, 1998 U.S. Dist. LEXIS 5380, at *2 (S.D.N.Y. April 17, 1998), and United States v. Maldanado, 1997 U.S. Dist. LEXIS 8869, at *3 (E.D. Pa. June 26, 1997)). Indeed, if Petitioner's argument were true, then most inmates would be constantly living under "extraordinary circumstances" by mere virtue of not having legal degrees or having imperfect English, and the extremely narrow exception would swallow the rule set forth in 28 U.S.C. § 2244(d)(1).

Moreover, even if the Court were to hypothesize for a moment that such limitations could, somehow, constitute "extraordinary circumstances," one's gaily sitting on one's rights for years cannot qualify as "diligent investigative efforts." See LaCava v. Kyler, 398 F.3d 271 (3d Cir. 2005) (prisoner's 21-month delay in inquiring into status of his petition precluded finding of due diligence and application of equitable tolling).

> As the Court stated, restated and now states again,
> 
> both Petitioner's Petition and his [Response] are silent as to any *circumstances that might prompt this Court to consider equitable tolling*[.] Petitioner's Petition . . . supplie[d] this Court with *no reason for equitable tolling cognizable* under the 28 U.S.C. § 2244(d)(2). . . . . *Petitioner failed to demonstrate[]* . . . *extraordinary circumstances that would allow equitable tolling* . . . . [That is why Petitioner's Petition was] dismissed.

13

See <u>Perez v. Sherrer</u>, 2:05-cv-5425, Docket No. 13 at 8 (N.J.D. Feb. 27, 2006) (emphasis supplied).

Thus, this Court did not overlook any of Petitioner's claims. To the contrary, this Court carefully reviewed and considered each and every argument presented by Petitioner. Nonetheless, Petitioner's claims in his Motion argue exactly the very same points that were raised in his Petition and Response and then considered and deemed invalid by this Court.

Petitioner has not satisfied the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Rather, Petitioner merely recited the arguments that had been previously submitted to allege that this Court's decision was wrongly adjudicated. In other words, he simply disagrees with this Court's decision in denying him equitable tolling. Petitioner, however, may not use a motion for reconsideration to re-litigate a matter that has been thoroughly reviewed by and ruled on this Court.

**CONCLUSION**

For the reasons expressed above, Petitioner's motion for reconsideration is denied.  An appropriate Order accompanies this Opinion.

      **/s/ Dickinson R. Debevoise**
      **DICKINSON R. DEBEVOISE**
      **United States District Judge**

Dated:   March 17, 2006
        Newark, New Jersey